González Padín Co., Inc., peticionaria, *v.* Tribunal de Contribuciones de Puerto Rico, demandado; Rafael Buscaglia, Tesorero de Puerto Rico, interventor.

Núm. 111.—*Sometido:* Noviembre 3, 1947. *Resuelto:* ·Noviembre 14, 1947.

*Celestino Iriarte, F. Fernández Cuyar* y *H. González Blanes,* abogados de la peticionaria; *Hon. Procurador General Luis Negrón Fernández,* y *J. B. Fernández Badillo, Procurador General Auxiliar,* abogados del interventor, querellado en el pleito principal.

El Juez Asociado Señor Marrero emitió la opinión del tribunal.

En 14 de enero de 1944 el Tesorero de Puerto Rico dirigió a la peticionaria González Padín Co., Inc. dos escritos intitulados "Notificación y Requerimiento", exigiendo a ésta el pago de ciertas cantidades por concepto del impuesto del 5 por ciento establecido por la Ley núm. 29 ·de 7 de diciembre de 1942 (Segunda y Tercera Legislaturas Extraordinarias, pág. 161), así como el de intereses y multas administrativas específicas. La peticionaria presentó mociones de reconsideración y al ser las mismas denegadas recurrió ante el Tribu-

nal de Contribuciones.(¹)   Visto el caso en sus méritos por dicho Tribunal, éste declaró sin lugar la querella en su totalidad, excepción hecha de que redujo al 6 por ciento anual el tipo de intereses a ser pagado sobre las deficiencias.

González Padín Co., Inc. acudió entonces ante esta Corte con la petición de *certiorari* autorizada por la sección 5 de la Ley núm. 169 de 15 de mayo de 1943 (págs. 601, 611).   Expedido el auto, el Tesorero de Puerto Rico solicitó la desestimación del recurso y su moción fué declarada sin lugar con fecha 22 de abril del corriente año.(²)   El caso quedó luego sometido a nuestra consideración, sin vista.

Sostiene la peticionaria que a virtud de la citada ley el Tesorero de Puerto Rico carece de facultad para cobrarle el 5 por ciento del Impuesto de la Victoria sobre los salarios o sueldos correspondientes a compensación ganada y devengada por sus empleados en meses anteriores al 1ro. de enero de 1943,(³) y que las dos multas impuéstasle no proceden toda vez que su actuación se debió a la interpretación por ella dada al estatuto y en particular al reglamento publicado para aquel entonces por el propio Tesorero de Puerto Rico en relación con la ley que fijaba el referido impuesto.

◼ Conforme dijimos en la opinión emitida con fecha 23 de julio de 1947 en el recurso de Certiorari núm. 129, intitulado *Miranda Hermanos, S. en C.,* v. *Tribunal de Contribuciones de Puerto Rico y R. Buscaglia, Tesorero de Puerto Rico, Interventor,* ante, pág. 678:

"Si la intención legislativa hubiera sido no gravar los sueldos, compensaciones, etc. por servicios prestados antes del 1ro. de enero, 1943, pero realmente recibidos o consignados después de esa fecha, fácil le hubiera sido expresarlo al definir el ingreso sujeto al impuesto. Un examen detenido de la ley revela el cuidado que tuvo el legislador de establecer que todo ingreso percibido o consignado o depositado a

---

(¹) *Cf. González Padín Co.* v. *Tribunal de Contribuciones,* 66 D.P.R. 24.

(²) *González Padín Co.* v. *Tribunal de Contribuciones,* ante, pág. 221.

(³) El artículo 1o de la Ley dispone que "La contribución impuesta por esta Ley se cobrará y pagará a partir de enero 1 de 1943."

favor de un individuo a partir del 1ro. de enero de 1943, estará sujeto al pago del impuesto.

"Es verdad que el art. 1ro. de la Ley preceptúa que la contribución impuesta por ella se cobrará y pagará a partir de enero 1ro. de 1943, pero esto no implica que el impuesto no pueda cobrarse sobre el pago de servicios prestados antes de dicha fecha, pero pagados o consignados con posterioridad a la misma. El objeto de esa disposición no es otro que fijar desde qué momento estarán sujetos al pago de la contribución los ingresos recibidos."

En cuanto a la primera cuestión planteada por la peticionaria no vemos distinción alguna entre el presente caso y el de *Miranda Hnos.* v. *Tribunal de Contribuciones,* supra. Su contención a este respecto debe ser declarada sin lugar.

Ahora bien, en lo que respecta a las multas administrativas impuestas, la peticionaria insiste, según ya hemos indicado, en que éstas no proceden y en que su imposición es improvidente, injustificable y un abuso de discreción de parte del Tesorero, toda vez que ella no ha infringido calculada o deliberadamente la ley, sino que por el contrario actuó honestamente en consonancia con una interpretación razonable y justa del estatuto y especialmente en consonancia con una regla dictada y promulgada sobre el particular por el propio Tesorero de Puerto Rico.

El artículo 9 de la Ley 29 de 7 de diciembre de 1942 antes citada([4]) expresamente provee que "cualquier infracción a las disposiciones de estas ley . . . constituirá delito menos grave (*misdemeanor*) . . . " y que "además, las infracciones antes dichas podrán ser castigadas por el Tesorero de Puerto Rico mediante la imposición de multas administrativas no mayores de mil (1,000) dólares, que serán cobradas por el procedimiento de apremio establecido en el Código Político. . ."

Es incuestionable que las multas de $500 y $300 impuestas a la aquí peticionaria están dentro del límite fijado por la ley. Es innegable igualmente que la fijación de tales penalidades

---

([4])La enmienda introducida a esta Ley por la núm. 175 de 15 de mayo de 1943 (pág. 631) no altera la situación.

caen dentro de la sana discreción del funcionario de Hacienda. Empero, un examen de los autos revela que la peticionaria no fué negligente ni trató de evadir el pago de la contribución y que por el contrario radicó sus planillas para el pago del Impuesto de la Victoria en su oportunidad([5]) y en éstas hizo una revelación completa de todos los hechos (*a full disclosure of all the facts*). Además, el *Exhibit* 5 de la querellante, admitido por el tribunal inferior por estipulación de las partes, consistente en las "Reglas para administrar la ejecución de la ley estableciendo el Impuesto de la Victoria" dictadas por el Tesorero con fecha 22 de enero de 1943, provee en su página 6 (Regla XIV) que "los ingresos por salarios, sueldos y jornales sólo tributarán respecto a aquel período de tiempo cubierto por el pago, que sea posterior a diciembre 31 de 1942." Esas Reglas estuvieron en vigor hasta que en 13 de agosto de 1943 se aprobó un nuevo Reglamento con el mismo fin. Tan sólo en este último es que se dice (Regla No. XV) que "los ingresos o pagos aislados constituyen un ingreso de la semana en que se reciben", y que "tales ingresos tributarán si se reciben por el contribuyente en o después de enero 1 de 1943, *no importa la fecha en que hayan sido devengados.*" Si por el Reglamento vigente para las fechas a que correspondían las planillas rendidas se decía a los contribuyentes que *"los ingresos por salarios, sueldos y jornales sólo tributarán respecto a aquel período de tiempo cubierto por el pago que sea posterior a diciembre 31 de 1942,"* ¿cómo es posible castigar con multa administrativa a un contribuyente que no ha hecho otra cosa que seguir las propias Reglas del Tesorero? En el presente caso no ha habido una infracción voluntaria, ni deliberada, de parte de la contribuyente. Por tanto, el Tesorero se ha excedido en su discreción al imponer las multas administrativas aquí envueltas y las mismas deben ser elimi-

---

([5])Esas planillas correspondían a los períodos comprendidos entre el primero de enero y el 28 de febrero de 1943 y entre el primero de marzo y el 30 de junio del indicado año.

nadas de las deficiencias notificadas a la recurrente.(<sup>6</sup>)    (Bastardillas nuestras.)

*La resolución dictada por el Tribunal de Contribuciones de Puerto Rico en 27 de agosto de 1946 será modificada en el sentido de ordenar la eliminación de las dos multas administrativas impuestas a la peticionaria, y así modificada, confirmada.*

---

(<sup>6</sup>)*Cf.* Mertens, *Law of Federal Income Taxation,* Vol. 10, sección 55.25, pág. 40.